CATHERINE GORDON, EXECUTRIX OF THE ESTATE OF CORA REYNOLDS, DECEASED, PLAINTIFF-RESPONDENT, v. ARTHUR ROBINSON, ADMINISTRATOR OF THE ESTATE OF WALTER EVERETT, DECEASED, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1968—Decided September 24, 1968.

6

Before Judges GAULKIN, COLLESTER and LABRECQUE.

*Mr. Nathan W. Davis, Jr.* argued the cause for defendant-appellant.

*Mr. William J. Hughes* argued the cause for plaintiff-respondent (*Messrs. Loveland, Hughes & Garrett,* attorneys).

The opinion of the court was delivered by

GAULKIN, S. J. A. D. On October 3, 1966 Cora Reynolds filed with defendant Robinson a claim against the estate of Walter Everett "for board, lodging, care, and other general services during the 312 weeks immediately preceding the death of Walter Everett, at a consideration of $10. per week—$3,120.00."

Cora Reynolds died October 15, 1966 and plaintiff qualified as executrix of her will on October 26, 1966. Defendant rejected the claim on March 14, 1967, whereupon plaintiff instituted this action. After defendant filed an answer denying the indebtedness, plaintiff moved for summary judgment on the ground that defendant had failed to dispute the claim within three months after its presentation to him, as required by *N. J. S.* 3A:24-6, and therefore he was barred from disputing it. The trial judge agreed and granted plaintiff's motion. Defendant appeals.

It is not clear from the record whether the judgment was entered against defendant individually or as administrator of the estate. Plaintiff's counsel stipulated before us that the judgment was intended to be against defendant as administrator, and we shall so treat it. The pleadings are to be considered amended, wherever necessary, to show that the action and the judgment were against defendant as administrator. However, our decision would be the same if the judgment were against him personally. We reverse.

*N. J. S.* 3A:24-6 provides, insofar as here pertinent:

"Within 3 months after the presentation to him of a claim, the executor or administrator shall allow or dispute it or allow it in part and dispute it in part, and give notice in writing to the creditor, his agent or attorney, of that which he allows or disputes. * * *."

We hold that this provision is directory, not mandatory. We hold that the failure of an executor or administrator to dispute a claim within three months after it is filed does not, standing alone, bar him or the estate from challenging it. Such failure may subject the executor or administrator to criticism or such other punitive action by the court as the circumstances may warrant, but it does not *per se* insulate the claim against contest.

The purpose of the quoted provision and the related sections of *chapter* 24 of *Title* 3A is to speed up the settlement of estates. The pressure exerted by this chapter is principally upon claimants. Whatever penalties and disad-

vantages are set forth in the article are all visited upon dilatory claimants. *N. J. S.* 3*A*:24–6 (second paragraph) ; *N. J. S.* 3*A*:24–7. Nowhere in said *chapter* 24 is it expressly stated that estates or their representatives are to be penalized for the late rejection of claims. In short, we find nothing in the statute which indicates that the Legislature intended to build such a procrustean bed for estates or their representatives as plaintiff claims. Even dilatory claimants are not barred absolutely, *N. J. S.* 3*A*:24–8, 9, but may get a second chance, *N. J. S.* 3*A*:24–10, 11.

Plaintiff relies heavily upon certain language in *DeLisle v. Reeves*, 96 *N. J. Eq.* 416 (*E. & A.* 1924), but that case has no bearing upon the case at bar. *DeLisle* was an action by a creditor to collect a judgment recovered against the decedent before he died; it was brought after the administrator omitted this claim from the final accounting, although the claimant had given notice of it and the administrator had not disputed it. The holding of the case was simply that if an account is settled without the inclusion of a creditor's claim, after he has given notice of it, the account will be reopened. The *DeLisle* case does not say that a claim which is not rejected becomes incontestable. Since in *DeLisle* the claim was upon a judgment recovered against decedent in his lifetime, there was no dispute as to its validity.

Plaintiff argues that the judgment should be affirmed because of defendant's laches. Her counsel argues that when the claim was filed, Cora Reynolds was seriously ill; had defendant rejected the claim promptly, steps could have been taken to perpetuate her testimony; now Cora Reynolds is dead and she is the only one who could have testified to the merits of the claim. However, she died only 12 days after filing the claim. Laying aside the question whether laches of an executor or administrator can ever preclude the estate from contesting a claim, the facts here do not support plaintiff's contention. Defendant had three months within which to act; Cora Reynolds died only 12 days after the claim was filed; even if defendant had rejected the claim within the

12 days (which he was not obliged to do) it would have been well nigh impossible to institute suit and take her testimony within that time.

Reversed.